In re ZZZZ BEST CO., INC., a California corporation, Debtor.

Herbert WOLAS, Chapter 7 Trustee for the Estate of ZZZZ Best Co., Inc., Plaintiff–Appellant,

v.

UNION BANK, Defendant–Appellee.

No. 89–55902.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1990.

Decided Dec. 28, 1990.

Terry A. Ickowicz and Steven N. Kurtz, Wolas, Soref & Ickowicz, Los Angeles, Cal., for plaintiff-appellant.

John Graham, Frandzel & Share, Los Angeles, Cal., for defendant-appellee.

Before BROWNING, PREGERSON and LEAVY, Circuit Judges.

PER CURIAM:

ZZZZ Best entered into an eight-month revolving credit agreement with Union Bank in December 1986. It made several payments of interest and loan commitment fees between December 1986 and July 1987, when the company filed for bankruptcy. The trustee, Wolas, tried to recover some of the payments for the benefit of the creditors as preferential transfers avoidable under 11 U.S.C. § 547. The bank defended the payments as being made in the ordinary course of business, and thus protected from recovery under § 547(c)(2). Wolas replied they were not protected because ZZZZ Best had been operating a fraudulent "Ponzi" scheme and so *had* no "ordinary" course of business. The bankruptcy court found for the bank as a matter of law, and the district court affirmed. We reverse on the authority of *In re CHG Int'l, Inc.*, 897 F.2d 1479 (9th Cir.1990), without reaching the "Ponzi" scheme issue.

In *CHG Int'l* we held that interest payments on long-term debt are not covered at all by the ordinary course of business exception. *Id.* at 1482, 1486. Union Bank argues the revolving line of credit in this case is not "long-term" because it is for less than a year; however, one of the two loans at issue in *CHG Int'l* was for only seven months, yet the court considered it long-term.

The bank also argues the revolving line of credit in this case differs from the loan at issue in *CHG Int'l* because it was prepayable at any time and the debtor's continued access to funds depended on continuing to make interest payments. However, as a practical matter, a debtor's continuing access to any loan depends on continuing to make interest payments—if payments are discontinued, the debtor is in default and the loan will be called. The debtor became bound when it delivered its promissory note to the bank; the exact amount of interest owed each month is irrelevant. We fail to see any significant difference between a revolving line of credit and an ordinary loan for purposes of § 547(c)(2).

REVERSED.