Eggar's claim to be presently adversely affected because it was not raised below. However, even if this claim had been properly raised, it basically overlooks that the City has no control over the state judicial functions of Judge Travis. Thus declaratory or injunctive relief against the City cannot achieve the desired goal of having Judge Travis cease his alleged unconstitutional conduct.

A "chain of speculative contingencies" rules out standing in this case. *Nelson,* 895 F.2d at 1252. Whether Eggar or Nuttbrock will commit future crimes in the City, be indigent, plead guilty, and be sentenced to jail is speculative. *See O'Shea,* 414 U.S. at 497, 94 S.Ct. at 676–77. *Thomas* is entirely distinguishable. There, a class consisting of minority residents of a small neighborhood complained of an ongoing police practice of randomly detaining and mistreating them. 978 F.2d at 508. Members of the class were also subject to retaliatory attacks as a result of their lawsuit. *Id.* at 507. Plaintiffs here fail to establish this kind of real and imminent threat. We also agree with the City that Eggar's argument about present adverse effects is not before us because there is no indication this issue was raised below.

■ Although our rulings afford the plaintiffs no immediate comfort, we note they have means to protect themselves should a City judge at some future time attempt to trample on their constitutional rights. They can file a complaint with the state body charged with overseeing judicial conduct, and they can appeal their convictions to a higher court. Furthermore, a state judge does not enjoy judicial immunity from unconstitutional behavior when the facts are sufficient to grant a party declaratory or injunctive relief against a judge. *See Pulliam v. Allen,* 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1980–81, 80 L.Ed.2d 565 (1984). We recognize that un-

counseled indigents are unlikely to be aware of these more efficacious alternatives, but as much as we deplore the situation plaintiffs set forth, we cannot hold the City liable under the circumstances alleged, and we do not find standing for the claims for a declaratory judgment or injunctive relief.

We affirm the district court's grant of summary judgment to the City and its dismissal of plaintiffs' equitable claims.

AFFIRMED.

In re ZZZZ BEST CO. INC., a California Corporation, Debtor.

Herbert WOLAS, Chapter 7 Trustee, Plaintiff–Appellant,

v.

UNION BANK, Defendant–Appellee.

No. 89–55902.

United States Court of Appeals, Ninth Circuit.

Nov. 23, 1994.

Before BROWNING, PREGERSON, and LEAVY, Circuit Judges.

There being a genuine issue of material fact as to the existence of a "Ponzi" scheme, the judgment of this court, 921 F.2d 968 (9th Cir.1990), is **REVERSED** and the case is

---

reasoned that the plaintiffs had failed to demonstrate a sufficient threat of harm; the threat here was not "sufficiently real and immediate to show an existing controversy simply because [plaintiffs] anticipate violating lawful criminal statutes and being tried for their offenses." *Id.* at 496, 94 S.Ct. at 676. In *Lyons,* the Supreme Court held that a plaintiff failed to allege a sufficient case or controversy when he sought injunctive relief to prevent Los Angeles police officers from using

deadly force such as strangleholds in routine traffic stops. 461 U.S. at 105, 103 S.Ct. at 1666–67. Although a number of similar incidents had occurred in the past, the Court refused to accept the plaintiff's argument that he was likely enough to violate traffic laws and subsequently be choked or otherwise physically mistreated to create a realistic threat of future harm. *Id.* at 108–10, 103 S.Ct. at 1668–69.

REMANDED to the district court for further proceedings.

In re BEN KENNEDY AND
ASSOCIATES, INC.,
Debtor.

Kenneth L. SPEARS, Trustee,
Plaintiff–Appellant,

v.

ST. PAUL INSURANCE COMPANY,
Defendant–Appellee.

No. 94–6042.

United States Court of Appeals,
Tenth Circuit.

Nov. 8, 1994.

Clarence P. Green, Lee Endicott, of Green, James & Williams, Oklahoma City, OK, for plaintiff-appellant.

Reggie N. Whitten, Steve L. Lawson, of Mills & Whitten, Oklahoma City, OK, for defendant-appellee.

Before TACHA, BRORBY, Circuit Judges, and KANE,* Senior District Judge.

BRORBY, Circuit Judge.

Appellant Kenneth L. Spears is trustee for the bankrupt Ben Kennedy & Associates, Inc. (BKA), an insurance agency. BKA was covered by a $100,000 fidelity policy issued by appellee St. Paul Insurance Company (St. Paul). Before its demise, BKA's employee, Chitty, found a way to steal from third parties—BKA's clients—while at his job. Without BKA's knowledge, Chitty created a sham insurance agency for "specialty" insurance, submitted bids on behalf of this sham agency for BKA clients requesting such insurance, and, whenever "its" bid was accepted, prepared a fictitious insurance policy for the purchaser. BKA billed each client for the

_____

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the Dis-   trict of Colorado, sitting by designation.